J-S67022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANDRE HOLMAN, | : | |
| | : | |
| Appellant | : | No. 836 EDA 2017 |

Appeal from the PCRA Order January 27, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003694-2013

BEFORE: GANTMAN, P.J., MUSMANNO, J., and STEVENS*, P.J.E.

MEMORANDUM BY MUSMANNO, J.: **FILED DECEMBER 29, 2017**

Andre Holman ("Holman") appeals, *pro se*, from the Order dismissing his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

In its Opinion, the PCRA court aptly summarized the relevant factual and procedural history as follows:

> On July 17, 2012, [Holman] shot and killed Sebastian Nunez-Saurez during a robbery. On September 26, 2012, [Holman] was arrested and charged with first-degree murder, robbery, conspiracy, and possession of an instrument of crime (PIC). On March 11, 2014, following a jury trial …, [Holman] was found guilty of all charges. On that same day, [the trial c]ourt sentenced [Holman] to a mandatory sentence of life without the possibility of parole on the first-degree murder charge, [and] 10 to 20 years [of] state incarceration on the robbery and conspiracy charges, to run concurrent to one another and to the sentence imposed on the murder charge[.] [The trial court] imposed no further penalty on the PIC charge. On November 12, 2015, the Superior Court affirmed the judgment of sentence. [**See Commonwealth v. Holman**, 134 A.3d 488 (Pa. Super. 2015) (unpublished memorandum).]

_____

* Former Justice specially assigned to the Superior Court.

On December 15, 2015, [Holman] filed a *pro se* [P]etition for relief pursuant to the PCRA, alleging that trial counsel was ineffective for failing to conduct a pre-trial investigation. On April 18, 2016, [Holman] filed a supplemental *pro se* [P]etition, raising an additional claim based upon the United States Supreme Court's holdings in **Miller v. Alabama**[, 567 U.S. 460 (2012),] and **Montgomery v. Louisiana**[, 136 S. Ct. 718 (2016)]. On May 16, 2016, Stephen T. O'Hanlon, Esquire[,] was appointed as PCRA counsel. On December 5, 2016, [PCRA counsel] filed a letter pursuant to [**Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and] **Commonwealth v. Finley**, 550 A.2d 213 ([Pa. Super.] 1988), stating that the issues raised by [Holman] in his *pro se* [P]etition[] were without merit and that there were no other meritorious issues that could be raised in an amended petition. On December 16, 2016, [the PCRA c]ourt sent [Holman] a [Pa.R.Crim.P.] 907 Notice, indicating that his [P]etition would be dismissed based upon [PCRA counsel's] [**Turner**/]**Finley** letter. [Holman] did not file a reply to the [Rule] 907 Notice. On January 27, 2017, after independent review of [Holman's] *pro se* [P]etition[], PCRA [c]ounsel's [**Turner**/]**Finley** letter, and [the Rule] 907 Notice having been sent and no reply received from [Holman], [the PCRA c]ourt dismissed [Holman's P]etition without a hearing based upon [PCRA c]ounsel's [**Turner**/]**Finley** letter. [Additionally, the PCRA court permitted PCRA counsel to withdraw from representation.] On February 24, 2017, [Holman, *pro se*,] appealed the dismissal of his [P]etition….

PCRA Court Opinion, 3/16/17, at 1-2.[1]

On appeal, Holman raises the following issues for our review:

1. Whether the PCRA court erred in denying [Holman's P]etition without a hearing due to [PCRA] counsel's [**Turner**/]**Finley** letter …, when [PCRA] counsel failed to correspond with [Holman] when [he] attempted to contact counsel by way of U.S. mail?

_____

[1] The PCRA court did not order Holman to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

2. Whether the PCRA court erred in denying [Holman's P]etition without a hearing when [Holman] claims that trial counsel was ineffective for failing to conduct his own investigation on behalf of [Holman]?

3. Was [PCRA] counsel ineffective for failing to thoroughly investigate the record and find trial counsel ineffective for failing to uphold his duty of loyalty to [Holman]?

Brief for Appellant at iv.

> Our standard of review of a PCRA court's [dismissal] of a petition for post[-]conviction relief is well-settled:  We must examine whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error.  The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

***Commonwealth v. Franklin***, 990 A.2d 795, 797 (Pa. Super. 2010) (citation omitted).

We will address Holman's claims together.  In his first claim, Holman asserts that PCRA counsel was ineffective because counsel refused to correspond with him, and failed to amend Holman's Petition despite his requests to do so.  Brief for Appellant at 1.  In his second claim, Holman contends that PCRA counsel was ineffective for failing to investigate the record, and present Holman's claims that trial counsel was ineffective for failing to (1) conduct a pre-trial investigation regarding his involuntary confession; (2) interview Holman's and the Commonwealth's witnesses; and (3) obtain medical records to establish that Holman was disabled at the time of the crime.  ***Id.*** at 2-4.  In his third claim, Holman argues that PCRA

counsel was ineffective for failing to investigate the record thoroughly and assert a claim of trial counsel's ineffectiveness. *Id.* at 4-6.

It is well-settled that "issues of PCRA counsel effectiveness must be raised in a serial PCRA petition or in response to a notice of dismissal before the PCRA court." *Commonwealth v. Ford*, 44 A.3d 1190, 1200 (Pa. Super. 2012). Holman did not file a response to the PCRA court's Rule 907 Notice.[2] Thus, because Holman challenged PCRA counsel's ineffectiveness for the first time on appeal, we cannot review these claims.[3] *See Commonwealth v. Henkel*, 90 A.3d 16, 30 (Pa. Super. 2014).

Order affirmed.

_____

[2] Holman filed a *pro se* Motion for extension of time to respond to PCRA counsel's "no-merit" letter, and a Motion to proceed *pro se*. Holman did not challenge PCRA counsel's effectiveness in either of these filings.

[3] Moreover, to the extent that Holman challenges trial counsel's failure to conduct a pre-trial investigation, we agree with the PCRA court's determination that Holman did not establish that he suffered prejudice as a result of trial counsel's purported errors. *See* PCRA Court Opinion, 3/16/17, at 5 (stating that "the overwhelming evidence of [Holman's] guilt presented at trial, including [Holman's] own confession to the murder and the testimony of [his] co-defendant …, indicated that [Holman] would have been found guilty no matter how much pre-trial investigation counsel conducted."); *see also Commonwealth v. Charleston*, 94 A.3d 1012, 1026 (Pa. Super. 2014) (stating that "unsupported speculation" does not establish a reasonable probability that the outcome of trial would have been different). We additionally observe that Holman's trial counsel did, in fact, challenge the voluntariness of his confession in a Motion to suppress Holman's police statement, which the trial court denied. Holman also challenged the voluntariness of his confession on direct review, and this Court affirmed the denial of suppression. *See Holman*, 134 A.3d 488 (unpublished memorandum at 7-11).

President Judge Emeritus Stevens joins the memorandum.

President Judge Gantman concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/29/17